## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ATRISCO HERITAGE FOUNDATION,**

    **Plaintiff,**

    **v.**                           **Civil Action No. 1:18-CV-00937-MV-JKR**

**THE NEW MEXICO COMMISSION FOR**
**COMMUNITY VOLUNTEERISM, et al,**

    **Defendants.**

### MOTION TO DISMISS AND SUPPORTING AUTHORITY

Defendants, by and through the Office of General Counsel for the New Mexico Department of Workforce Solutions (NMDWS), move this Court, pursuant to Fed. R. Civ. P., Rules 12(b)(1) & (3), for an order dismissing the Complaint of the Plaintiff Atrisco Heritage Foundation (Plaintiff or Atrisco), and in support of this Motion, state to the Court as follows:

#### *Lack of Subject Matter Jurisdiction – Federal Question*

1.      The New Mexico Commission for Community Volunteerism (Commission) is a state commission, created by Executive Order of the Governor that serves as a conduit for funding of AmeriCorps grants to non-profit organizations in New Mexico. Defendant Sokolove is an employee of NMDWS who serves as the Executive Director of the Commission and manages the AmeriCorps Program in New Mexico. AmeriCorps sub-grantee awards are made to non-profits in New Mexico through contracts with NMDWS as part of its administrative and support services provided to the Commission. A copy of the contract between Atrisco and NMDWS (hereinafter the Contract) is attached to the Complaint and the terms and provisions are incorporated herein by reference. The funds from the sub-grant made to Atrisco pursuant to the terms and provisions of the Contract were to be used for specific projects or programs as specified in the Contract. Atrisco

submitted invoices for services that were claimed as qualifying for payment and was paid for those

services in the amount of $123,254.11.  NMDWS subsequently learned that a substantial portion

of the services for which Atrisco had been paid were not allowable under the grant provisions.  An

investigation confirmed there were invoices and payments for services that were not appropriate.

NMDWS terminated the Contract and the dispute between Atrisco and NMDWS involves whether

Atrisco misused or failed to properly spend some of those funds and thereby breached the Contract.

2.      Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331

regarding "civil actions arising under the Constitution, laws, or treaties of the United States;"

pursuant to 28 U.S.C. §1343(a)(3)  regarding the right "[t]o redress the deprivation, under color of

any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity

secured by the Constitution of the United States or by any Act of Congress providing for equal

rights of citizens or of all persons within the jurisdiction of the United States;" and pursuant to 42

U.S.C. § 1983 regarding the deprivation of rights, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress…

3.      In determining if federal question jurisdiction exists, the Court is to consider only

the allegations of the Complaint and only the portion of the Complaint "directly and necessarily

relating to the plaintiff's cause of action" under the "well-pleaded complaint" rule.  *Mescalero*

*Apache Tribe v. Martinez,* 519 F.2d 479 (10th Cir. 1975).  The "well-pleaded complaint" rule

requires that the federal question jurisdiction must arise because "federal law creates the cause of

action" or because relief "depends on resolution of a substantial question of federal law."

*Firstenberg v. City of Santa Fe, N.M.,* 696 F.3d 1018 (10th Cir. 2012).  The present suit, however,

is not a cause of action created by federal law. Rather it is nothing more than a breach of contract action arising under state law. There are no substantial questions of federal law. A suit based on a breach of contract or fraud "is purely a state-law claim" and if the suit purports to be based on civil rights claims but is "devoid of any such claims or any facts supporting such claims," it is subject to dismissal. *Tinner v. Farmers Ins. Co., Inc.,* 504 Fed. Appx. 710 (10th Cir. 2012). Despite Plaintiff's attempts to cast its claims as sounding in civil rights, based in federal law, they are, at their core, contract claims subject exclusively to state law.

4.      Plaintiff goes to great lengths in an attempt to create a federal question, but the facts alleged in the Complaint establish the action is merely one for breach of contract and related claims under state law. Count I of the Complaint is entitled "Breach of Contract / Federal Question, Estoppel and Breach of Covenant of Good Faith and Fair Dealing." The "Federal Question" is because of an alleged violation of 45 CFR §2540.400 for the manner in which notice was given to Atrisco of its suspension and the subsequent termination of the Contract. However, the suspension and termination were pursuant to the terms and provisions of the Contract. The provision of the CFR neither creates the cause of action nor involves a substantial question of federal law.

5.      All of the issues raised in Count I are breach of contract questions to be determined under state law. Atrisco submitted its invoices as required by the Contract and was reimbursed for the expenditures it claims to have made pursuant to the sub-grant. The Contract was terminated because of the misuse of a significant portion of the funds by Atrisco after multiple warnings from NMDWS to avoid or discontinue its questionable practices. The dispute relates to whether Atrisco must refund a portion of the grant because of the misuse of a substantial portion of the grant.

6.      Count II alleges unjust enrichment of the Commission and similarly sounds in state law. Herff Jones, Inc. v. Oklahoma Graduate Servs., Inc., 237 F. App'x 384, 385 (10th Cir. 2007)

(unjust enrichment is a state law claim). Even without this barrier, however, Plaintiff's unjust enrichment claim bears no relation to the facts it asserts. The Commission did not receive and there is no allegation that it received any of the money distributed by Atrisco. The funds from the grant were all used in the manner chosen by Atrisco and the issue is whether there was an improper use of some of the funds by Atrisco in violation of the terms and provisions of the Contract. No person or entity benefitted from the misuse of the sub-grant proceeds other than Atrisco, a related for profit entity of Atrisco and the employees of the related for profit entity who were improperly paid from the grant

7.     Count III of the Complaint alleges a civil rights violation for deprivation of property without due process and seeks damages and injunctive relief. This Count, like the others, should be dismissed for lack of subject matter jurisdiction, as Plaintiff's inclusion of the due process claim, where a state court proceeding is ongoing and relates directly to the funds at issue, constitutes nothing more than an attempt to manufacture subject matter jurisdiction where no colorable federal claim exists. *See* Erum v. Cty. of Kauai, No. 08-00113 SOM-BMK, 2008 WL 763231, at *1 (D. Haw. Mar. 20, 2008), aff'd, 369 F. App'x 843 (9th Cir. 2010) (dismissing Plaintiff's amended complaint upon finding that he did not "allege colorable federal question claims. Instead, [Plaintiff's] claims, while citing federal statutes, [were] immaterial, insubstantial, and frivolous, and made solely for the purpose of manufacturing federal question jurisdiction under 28 U.S.C. § 1331."). The pending state action against Plaintiff, identified *supra*, seeks to recover the funds that Atrisco wrongfully spent – the same funds Plaintiff asserts have been taken without due process. The state suit is the process due Atrisco in order for NMDWS to recover the improperly spent funds. There is no basis for alleging a violation of due process. NMDWS filed suit for breach of contract and timely served Atrisco and Atrisco has had a full and complete

4

opportunity to be heard in the State Suit.[1]  While claiming a denial of due process in the state litigation, Atrisco has failed to timely serve the Defendants in the present case and has failed to name or serve NMDWS at all, although its attorney was well aware of the interest of NMDWS in the matters being litigated herein.  Atrisco has failed to take advantage of the due process afforded by the State Suit and has wrongfully filed this action in this Court.

8.     The Complaint should be dismissed for lack of subject matter jurisdiction because there is no federal question.

### Lack of Subject Matter Jurisdiction – Pending State Action

9.     In Paragraph 49 of the Complaint, Atrisco acknowledges the existence of a related pending state action entitled *New Mexico Department of Workforce Solutions v. The Atrisco Heritage Foundation,* New Mexico Second Judicial District Court Cause No. D-202-CV-2018-05054 (State Suit). A copy of the Complaint (without attachments) from the State Suit filed July 5, 2018, is attached hereto as Exhibit A and incorporated herein by reference.  The State Suit involves a breach by Atrisco of the same Contract as is the subject of the current suit.  Atrisco answered in the State Suit on August 10, 2018 but did not file a counterclaim, a third-party claim or otherwise seek to join the parties who have been named as Defendants in the present suit. NMDWS has filed a Motion for Summary Judgment in the State Suit and, following the failure of Atrisco to respond to the Motion for Summary Judgment, filed and served a Notice of Completion of Briefing, a copy of which Notice is attached hereto as Exhibit B and incorporated herein by reference.  Beyond filing an Acceptance of Service, an Answer and a disqualification of a judge,

---

[1] In addition to being subject to dismissal pursuant to Rule 12(b)(1), the Count also fails as a matter of law pursuant to subpart 12(b)(6). Plaintiff fails to state a claim upon which relief can be granted as it acknowledges the state suit, and that lawsuit constitutes, as a matter of law, the due process of which Plaintiff complains it has been deprived.

Atrisco has done nothing to try and bring its claims that it now makes into the State Suit, as shown by the copy of the Court docket attached hereto as Exhibit C and incorporated herein by reference. Exhibit C also shows that a hearing on the Motion for Summary Judgment in the State Suit is scheduled for July 11, 2019.

10.     This Court should abstain from taking any further action in this matter and should dismiss the Complaint for lack of jurisdiction under the abstention analysis followed by this Court in *Nationwide Mutual Insurance Company v. C.R. Gurule, Inc.,* 148 F.Supp.3d 1206 (D.N.M. 2015). In *Nationwide,* the Court considered the *Younger* abstention doctrine adopted in *Younger v. Harris,* 401 U.S. 37 (1971), the *Colorado River* abstention doctrine from *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), and the factors considered in *State Farm Fire and Casualty Co. v. Mhoon,* 31 F.3d 979 (10th Cir. 1994) regarding federal declaratory judgment actions. The *Younger* and *Colorado River* abstention doctrines apply to all of the claims in the present case. The *Mhoon* decision regarding federal declaratory judgment actions applies to Count IV only.

11.     Although the *Younger* doctrine was initially applied to equitable actions such as declaratory judgment and injunctive actions, the doctrine now is applied in all types of cases. In *Nationwide,* at page 1216, this Court said:

> Under the abstention doctrine that the Supreme Court articulated in *Younger,* "federal courts should not 'interfere with state court proceedings' by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings"—when the state forum provides an adequate avenue for relief. *Younger* abstention is not a doctrine only belonging to courts of equity, although the doctrine arose from parties seeking equitable relief from state court proceedings in federal court. The Tenth Circuit has "not treated abstention as a 'technical rule of equity procedure,' [r]ather, [it has] recognized that the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." This refusal to exercise federal jurisdiction arises from a desire to "avoid undue interference with states' conduct of their own affairs.").

> For *Younger* abstention to be appropriate, the Tenth Circuit has ruled that three elements must be present: (i) interference with an ongoing state judicial proceeding; (ii) involvement of important state interests; and (iii) an adequate opportunity afforded in the state court proceedings to raise the federal claims. When all of the elements mandating abstention clearly exist in the record, courts may, and should, address application of the *Younger* abstention doctrine *sua sponte.*
>
> ...
>
> '*Younger* abstention is not discretionary once the [three] conditions are met, absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims.'
>
> ...
>
> When the elements of *Younger* abstention are met, a district court should dismiss the claims before it, unless a petitioner has brought claims which "cannot be redressed in the state proceeding," in which case the district court should stay the federal proceedings pending the conclusion of the state litigation.   (internal citations omitted).

The State Suit is awaiting a hearing on a motion for summary judgment scheduled July 11, 2019. NMDWS and Atrisco are the parties to the State Suit.  NMDWS has a significant interest in this matter in seeing that grant funds are properly spent.  The State Suit filed in July 2018 has provided an adequate opportunity for Atrisco to raise any federal claims.  All of the *Younger* abstention doctrine requirements are met as a result of the existence of the State Suit and the present case should be dismissed.

12.     In *Nationwide*, Judge Browning also discussed the *Colorado River* abstention doctrine, which permits the dismissal of federal cases "in exceptional circumstances" if there is a "concurrent state proceeding for reasons of wise judicial administration."  As set forth above, the State Suit directly addresses the same substantive matters Plaintiff raises in the current suit. However Atrisco has taken almost no action in the State Suit despite the fact that the suit has been pending since July 2018. Atrisco's apparent lack of interest extends to the present case, in which Atrisco filed suit on October 10, 2018 but did not serve or give notice of the suit to the Defendants although he had the name and address of the attorney for NMDWS, as shown by the Civil Cover Sheet, until after being compelled to do so by this Court.  Because of the failure of Atrisco to serve

7

the Defendants with a Summons and Complaint, Judge Molzen entered an Order to Show Cause on March 19, 2019, requiring the Plaintiff to show cause "on or before April 2, 2019" as to why the case should not be dismissed for failure to serve the Defendants. On April 5, 2019, three days late, Plaintiff filed a showing. On April 22, 2019, the Summons were finally issued and the Defendants were served. Even then, however, the service was defective in that the attachments were not included with the Complaint.[2] Plaintiff's indifference toward process and substance is evident throughout the State Suit and now in this one and lends itself toward a determination that "wise judicial administration" requires dismissal of this – manufactured – federal action.

13.     The five factors relating to the dismissal of a federal declaratory judgment action, when there is a pending state case, discussed in *Mhoon* also favor the dismissal of the declaratory judgment count, Count IV. The declaratory judgment action will not settle the controversy. A declaratory judgment action will not serve a useful purpose in clarifying the legal relations issue. The declaratory judgment action has been asserted for "procedural fencing" purposes and as part of a "race to res judicata." The existence of separate cases in state and federal court immediately create a source or potential source of friction between the courts. The pending State Suit also provides a better or more effective remedy.

14.     Not only does the State Suit provide a more effective remedy, Atrisco's present claims are compulsory counterclaims pursuant to Rule 1-013 NMRA and the additional parties could have been brought into the State Suit pursuant to Rule 1-013(H) NMRA. Atrisco should be required to litigate all claims in the State Suit and not be permitted to create multiple suits involving the same issues.

---

[2] Because of the other more significant defects in the Complaint of Atrisco, the Defendants are not addressing the delay in service and the defective service as a part of this Motion.

15.     The present case should be dismissed because of the lack of subject matter jurisdiction of this Court based on the doctrine of abstention.

### *Improper Venue – Forum Selection Clause*

16.     Paragraph 17 of the Contract is a forum selection clause that provides as follows:

**Applicable Law.**
The laws of the State of New Mexico shall govern this Agreement, without giving effect to its choice of law provisions.  Venue shall be proper only in a New Mexico court of competent jurisdiction in accordance with NMSA 1978, § 38-3-1 (G).  By execution of this Agreement, Contractor acknowledges and agrees to the jurisdiction of the courts of the State of New Mexico over any and all lawsuits arising under or out of any term of this Agreement.

The clear and unambiguous language of the Contract provision regarding venue mandates that any suits be filed in the state court.  The provisions of § 38-3-1 (G) NMSA 1978 similarly require that the suit be filed in the District Court of Bernalillo County, where the offices of NMDWS are located.

17.     In *Mann v. Automobile Protection Corp.,* 777 F.Supp.2d 1234 (D.N.M. 2011), this Court considered and upheld a forum selection clause very similar to Paragraph 17 of the Contract quoted above.  In considering the forum selection clause in this case, *Mann* provides that federal law applies because New Mexico law is the same as federal law, the case is subject to dismissal for improper venue pursuant to Fed.R.Civ.P 12(b)(3) and the Court may consider "facts outside the pleadings." *Id.,* at 1239.  The Court also said:

The Court must determine whether the forum selection provision in the Agreement is valid and enforceable. The United States Supreme Court has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). A party resisting enforcement of a forum selection provision "carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Riley,* 969 F.2d at 957 (citations omitted), *see also M/S Bremen,* 407 U.S. at 15, 92 S.Ct. 1907 ("[T]he forum selection clause should control absent

a strong showing that it should be set aside."). To overcome the presumption that a forum selection provision is valid, a party must make "a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice." *Id.* at 958. Minor inconvenience does not justify non-enforcement of a forum-selection clause. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 594–95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

*Id.* at 1240 (alterations in original).

18.     In *Presbyterian Healthcare Services v. Goldman, Sach & Co.,* 122 F.Supp.3d 1157 (D.N.M. 2015), this Court also enforced the forum selection clause in a contract that required any litigation to be conducted in the Southern District of New York.  The forum selection clause is valid and enforceable and the current action should be dismiss because of improper venue.

WHEREFORE, the Defendants pray that the Complaint of Atrisco be dismissed because of the lack of federal question jurisdiction; because of the pending state case involving the same Contract and same issues; and because of the valid forum selection clause providing that the suit be filed in the state courts within Bernalillo County, New Mexico, and the Defendants pray for such other and further relief as this Court deems proper.

NEW MEXICO DEPARTMENT OF
WORKFORCE SOLUTIONS

By: _____
     Robert Dale Morrison, Esq.
     Deputy General Counsel
     New Mexico Department of
     Workforce Solutions
     P.O. Box 1928
     Albuquerque, NM 87103
     (505) 841-8672
     Robertd.morrison@state.nm.us

## CERTIFICATE OF SERVICE

    I certify that a copy of this *Motion to Dismiss With Supporting Authority* was electronically submitted and served on the attorney for the Plaintiff named below on this 9th day of May, 2019.

Robert Dale Morrison, Esq.
P.O. Box 1928
Albuquerque, NM 87103
(505) 841-8672

Marcos E. Garcia, Esq.
mgarcia@sandialaw.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/5/2018 11:48 AM
James A. Noel
DeAnne Santistevan

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

STATE OF NEW MEXICO
DEPARTMENT OF WORKFORCE SOLUTIONS,

        Plaintiff,

v.                              Case No:    D-202-CV-2018-05054

ATRISCO HERITAGE FOUNDATION,

        Defendant.

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff New Mexico Department of Workforce Solutions (the Department), by and through the Office of General Counsel, for its Complaint for Breach of Contract against the Defendant, states as follows:

## COUNT I

1.     The Department is an agency of the State of New Mexico charged with the administration of the AmeriCorps Programs (AmeriCorps) of the New Mexico Commission for Community Volunteerism (Commission).

2.     AmeriCorps is funded by grants that are provided by the Corporation for National and Community Service (CNCS), a federal agency that engages thousands of Americans in providing various services through state and local agencies and non-profit entities.

3.     Upon information and belief, Defendant Atrisco Heritage Foundation (Atrisco) is an unincorporated association pursuant to the laws of the State of New Mexico.

4.     Atrisco identified and represented itself as a 501 (c) (3) non-profit in obtaining funding from the Department for the projects in which it has been involved and in managing the programs funded through the Department.

1

EXHIBIT A

5.      Carolyn A. Ortega (Ortega) is the Chief Financial & Operations Officer for Atrisco and was at all times acting for and behalf of Atrisco in obtaining funding from AmeriCorps for the charitable programs operated by Atrisco.

6.      In June 2016, Ortega submitted an Application for Federal Assistance on behalf of Atrisco to obtain funding from the AmeriCorps State Grant to provide enrichment programs aimed at improving the educational performance of the youth being served.

7.      At the time of the application for the grant, Atrisco and Ortega were aware of the rules and regulations and restrictions relating to the use of the federal funds available from CNCS through AmeriCorps that Atrisco was seeking to obtain through the grant.

8.      On August 11, 2016, Ortega signed a Professional Services Contract (Contract) with the Department on behalf of Atrisco whereby Atrisco was to receive $395,192.00 for compensation, gross receipts tax and expenses of its programs during fiscal year 2016, which was defined as being September 1, 2016 to August 31, 2017.

9.      Atrisco was required to "provide services to the Commission as specified in the final Commission approved Application for Funding" and was to provide "services in compliance with all applicable Federal and State laws, regulations and rules, and all such Commission policies and procedures, or guidance manuals incorporated" into the Contract by reference.

10.     Atrisco represented and guaranteed "that it possesses the legal authority to enter into, to receive funds authorized by, and to perform services" as required by the Contract.

11.     The Department reserved the authority to suspend and terminate the Contract in the event Atrisco did not perform the services as required by the Contract,

12.     In the Contract, Atrisco agreed that New Mexico law is to govern the Contract and that jurisdiction and venue are vested in the courts of the State of New Mexico.

EXHIBIT A, Page 2

13.     Within six months of the commencement of the term of the Contract there were problems with the performance by Atrisco and the program was placed on a "manual hold," which required Atrisco to submit timesheets, payroll records and payment vouchers with its invoice.

14.     Thereafter, representatives of AmeriCorps were in regular contact with Atrisco regarding the failure of Atrisco to perform various aspects of the Contract.

15.     In spite of the constant monitoring by AmeriCorps, Atrisco continued to fail to perform its obligations under the Contract.

16.     The Commission and the Department became aware of additional practices on the part of Atrisco that appeared to be more serious violations of the terms and provisions of the Contract.

17.     On July 6, 2017, the Commission advised Atrisco by letter that, because of concerns regarding possible violations of the Contract, the Commission was undertaking an investigation, which would include interviews of current and former participants and program staff.

18.     As a result of the investigation it conducted, the Commission learned that members of the AmeriCorps program were duplicating, supplanting or displacing employees of the Rio Grande Education Collaborative (RGEC), a program operated by Atrisco, in the work the employees of RGEC were performing.

19.     Duplicating, supplanting or displacing the employees of RGEC with AmeriCorps members was in violation of federal regulations relating to the grant and occurred in spite of warnings from representatives of AmeriCorps for Atrisco to avoid such activity.

20.     Other violations of the grant disclosed by the investigation were that AmeriCorps members were performing services that were not allowed pursuant to the rules and regulations of the program and AmeriCorps members were conducting fundraising activities for a separate

3

business organization that was operated by individuals involved in the operation of the non-profit programs of Atrisco.

21.     By letter dated July 24, 2017 Atrisco was given notice of the violations and regulations and was given ten (10) days in which to cure the violations and to respond to the notice.

22.     On August 2, 2017 Atrisco responded to the notice from the Commission but Atrisco took no action to cure the violations and the response was deemed as being insufficient to avoid the termination of the Contract.

23.     On August 8, 2017, the Commission notified Atrisco that it had elected to terminate the funding because of the violations by Atrisco, including "service not pertaining to the approved application" and "service duplicating, supplanting or displacing employees" of RGEC.

24.     The investigation of Atrisco continued through September 5, 2017 and included a review of the time worked by each AmeriCorps member and the allocation of that time between allowed and unallowable service hours of the members working at Atrisco.

25.     As a result of the review, Atrisco was determined to have been paid $80,399.28 for unallowable service hours and was provided with detailed information regarding the basis for the disallowed hours by letter dated September 22, 2017.

26.     With the letter of September 22, 2017, the Department provided Atrisco with copies of the detailed summaries of the disallowed time for each of the AmeriCorps members who performed services for Atrisco and for the business organization operated by the individuals involved in the operation of Atrisco.

27.     Atrisco has provided records and documentation and has requested further information from the Department in an effort to refute the summaries of unallowable service hours prepared and provided to Atrisco by the Department.

4

EXHIBIT A, Page 4

28.     As a result of the additional documentation and information from Atrisco, the Department has made an adjustment in the amount that is due for the disallowed time of the AmeriCorps members, which has now been determined to be $77,957.76.

29.     Although the Department has provided extensive documentation as to the amount due, resolution on the issue of disallowed costs has not been achieved.

**WHEREFORE,** the Department prays the Court to enter judgment in favor of the Department and against Atrisco in the amount of $77,957.76 for the disallowed time paid from the grant; to award the Department any additional damages determined to be due because of disallowed services; to award the Department its costs incurred herein; and to grant the Department such further and other relief as the Court deems just and proper.

<u>COUNT II</u>

1.     The Department incorporates herein by reference the allegation of Paragraphs 1 through 29 of Count I above.

2.     Pursuant to the terms and provisions of the Contract and the applicable rules and regulations relating to the grant award from CNCS, Atrisco was to make certain education award payments to the individual AmeriCorps members working on the programs of Atrisco.

3.     In the event a grant recipient, such as Atrisco, does not make the education award payments, the Department is required to collect the amounts due.

4.     Upon determining that Atrisco had not made the required education award payments the Department made demand upon Atrisco for the payments.

5.     Resolution of the outstanding education award payments owed to twenty-one members of AmeriCorps totaling $8,170.43 has not been achieved.

5

EXHIBIT A, Page 5

**WHEREFORE**, the Department prays the Court to enter judgment in favor of the Department and against Atrisco in the amount of $8,170.43 for the education award payments due the individual AmeriCorps members; to award the Department any additional damages determined to be due because of the unpaid education award payments; to award the Department its costs incurred herein; and to grant the Department such further and other relief as the Court deems just and proper.

## COUNT III

1.      The Department incorporates herein by reference the allegation of Paragraphs 1 through 29 of Count I above.

2.      Pursuant to the terms and provisions of the Contract and the applicable rules and regulations relating to the grant award from CNCS, Atrisco was to obtain timely criminal background checks on its employees who were in certain defined "covered positions" working with the AmeriCorps members.

3.      Atrisco failed to obtain the required criminal background check for Ortega and failed to obtain or was late in obtaining the required criminal background checks for four other covered employees.

4.      Although Atrisco disputes the status of the employees, the Department has evidence and proof that these employees were in fact covered employees.

5.      As a result of the failure of Atrisco to obtain the required criminal background checks in a timely manner, the AmeriCorps Program of the Department has been fined by CNCS a total of $9,500.00.

6.      Pursuant to the terms and provisions of the Contract, Atrisco is obligated to reimburse the Department for the fines that were imposed.

6

7.     Although the Department has provided Atrisco with the opportunity to resolve the amount due resulting from the assessed fines imposed by the Corporation, the issue of reimbursement for the fines remains outstanding.

**WHEREFORE,** the Department prays the Court to enter judgment in favor of the Department and against Atrisco in the amount of $9,500.00 for reimbursement of the fines paid by the Department because of the absent or delayed criminal background investigations; to award the Department any additional damages determined to be due because of the fines that were imposed; to award the Department its costs incurred herein; and to grant the Department such further and other relief as the Court deems just and proper.

NEW MEXICO DEPARTMENT OF
WORKFORCE SOLUTIONS

By: _____

Robert Dale Morrison, Esq.
Deputy General Counsel
P.O. Box 1928
Albuquerque, New Mexico 87103
(505) 841-8672
RobertD.Morrison@state.nm.us

7

EXHIBIT A, Page 7

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
12/31/2018 3:49 PM
James A. Noel
CLERK OF THE COURT
Pamela Martinez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

STATE OF NEW MEXICO
DEPARTMENT OF WORKFORCE SOLUTIONS,
    Plaintiff,
v.                                                                                    D-202-CV-2018-05054

ATRISCO HERITAGE FOUNDATION,
    Defendant.

## NOTICE OF COMPLETION OF BRIEFING
## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to NMRA 1-007.1 and LR2-123, the Plaintiff, New Mexico Department of

Workforce Solutions ("NMDWS") hereby files this *Notice of Completion of Briefing* with

respect to its November 14, 2018 *Motion for Summary Judgment and Supporting Memorandum*,

in order to alert the Court that the time periods specified in NMRA Rule 1-007.1, including the

15 day period for filing a response, have expired.  Plaintiff's *Motion for Summary Judgment* is

ripe for decision.  This package includes:

- *Notice of Completion of Briefing on Plaintiff's Motion for Summary Judgment*
- An endorsed copy of the November 14, 2018 *Motion for Summary Judgment and Supporting Memorandum*
- A Request for Hearing on Plaintiff's *Motion for Summary Judgment and Supporting Memorandum*
- A *Notice of Hearing* on Plaintiff's *Motion for Summary Judgment and Supporting Memorandum* (MS Word document)
- A *Proposed Order* granting Plaintiff's *Motion for Summary Judgment and Supporting Memorandum* (MS Word document)

Because no response to Plaintiff's *Motion for Summary Judgment and Supporting*

*Memorandum* was ever filed by the Respondent, or any other party, this package does not

include either a Response or Reply.

EXHIBIT B

**WHEREFORE,** Plaintiff NMDWS respectfully prays this Court to schedule this matter for a hearing on the Plaintiff's *Motion for Summary Judgment and Supporting Memorandum* and grand any other relief as the Court deems proper and just.

Respectfully submitted

*/s/ Andrea Christman*
Andrea Christman
Office of General Counsel
P.O. Box 1928
Albuquerque, NM 87103
(505) 841-8478;  FAX (505) 841-9024
andrea.christman@state.nm.us

## CERTIFICATE OF SERVICE

I certify that on the 31st day of December, 2018, a copy of this Notice of Completion of Briefing was electronically filed through the Odyssey filing system and electronically served to the following parties:

Marcus Garcia
*Attorney for Defendant*

*/s/ Andrea Christman*
Andrea Christman
Office of General Counsel
P.O. Box 1928
Albuquerque, NM 87103
(505) 841-8478;  FAX (505) 841-9024
andrea.christman@state.nm.us

# New Mexico Courts
## Case Lookup

E x i t

Name Search          Case Number Search          DWI Search

Case Detail

## NM Department of Workforce Solutions v. Atrisco Heritage Foundation

| CASE DETAIL | | | |
|---|---|---|---|
| **CASE NUMBER** | **CURRENT JUDGE** | **FILING DATE** | **COURT** |
| D-202-CV-201805054 | Brickhouse, Beatrice J. | 07/05/2018 | ALBUQUERQUE DISTRICT |

| PARTIES TO THIS CASE | | | |
|---|---|---|---|
| **PARTY TYPE** | **PARTY DESCRIPTION** | **PARTY #** | **PARTY NAME** |
| D | Defendant | 1 | ATRISCO HERITAGE FOUNDATION |
| | | | ATTORNEY: GARCIA MARCUS ERNESTO |
| P | Plaintiff | 1 | NM DEPARTMENT OF WORKFORCE SOLUTIONS |
| | | | ATTORNEY: MORRISON ROBERT DALE |

| HEARINGS FOR THIS CASE | | | | | |
|---|---|---|---|---|---|
| **HEARING DATE** | **HEARING TIME** | **HEARING TYPE** | **HEARING JUDGE** | **COURT** | **COURT ROOM** |
| 07/11/2019 | 10:30 AM | MOTION HEARING | Brickhouse, Beatrice J. | ALBUQUERQUE DISTRICT COURT | Courtroom 602 |

| CIVIL COMPLAINT DETAIL | | | | |
|---|---|---|---|---|
| **COMPLAINT DATE** | **COMPLAINT SEQ #** | **COMPLAINT DESCRIPTION** | **DISPOSITION** | **DISPOSITION DATE** |
| 07/05/2018 | 1 | OPN: COMPLAINT | | |
| **COA SEQUENCE #** | **COA DESCRIPTION** | | | |
| 1 | Breach of Contract | | | |
| **PARTY NAME** | **PARTY TYPE** | **PARTY #** | | |

| REGISTER OF ACTIONS ACTIVITY |
|---|

EXHIBIT C

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 04/11/2019 | NTC: HEARING | | | | |
| 03/27/2019 | REQUEST FOR HEARING/ SETTING | | P | 1 | |
| 03/27/2019 | JDG: NOTICE OF JUDGE ASSIGNMENT | | | | |
| 03/26/2019 | JDG: JUDGE EXCUSAL/PEREMPTORY CHALLENGE | | D | 1 | |
| 03/26/2019 | NTC: HEARING | | | | |
| 01/07/2019 | REQUEST FOR HEARING/ SETTING | | P | 1 | |
| 12/31/2018 | NTC: COMPLETION OF BRIEFING | | P | 1 | |
| | Motion for Summary Judgment | | | | |
| 11/14/2018 | MTN: FOR SUMMARY JUDGMENT | | P | 1 | |
| | Motion for summary judgment and Supporting Memorandum | | | | |
| 08/10/2018 | ANSWER | | D | 1 | |
| 07/11/2018 | ACCEPTANCE OF SERVICE | | D | 1 | |
| | Acceptance of Service For Defendant The Atrisco Heritage Foundation | | | | |
| 07/06/2018 | | | | | |
| 07/05/2018 | ARB: CERT NOT SUBJECT | | | | |
| 07/05/2018 | OPN: COMPLAINT | | | | |

| JUDGE ASSIGNMENT HISTORY | | | |
|---|---|---|---|
| ASSIGNMENT DATE | JUDGE NAME | SEQUENCE # | ASSIGNMENT EVENT DESCRIPTION |
| 03/27/2019 | Brickhouse, Beatrice J. | 3 | Judge Peremptory Excusal |
| 03/18/2019 | O'Connell, Erin | 2 | Administrative Assignment |
| 07/05/2018 | Nash, Nan G. | 1 | INITIAL ASSIGNMENT |

[ Return ]    [ Print ]

©2007 New Mexico Courts

EXHIBIT C, Page 2